UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KYLE ALLEN BOLTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-228-HAB-SLC |
| INDIANA STATE OF, et al., | |
| Defendants. | |

OPINION AND ORDER

Kyle Allen Bolton, a prisoner without a lawyer, initiated this case with a complaint against nine defendants, detailing several allegedly discriminatory acts based on the fact that he is a light-skinned African-American man who is often mistaken as white. ECF 1. After he filed the complaint, he wrote the court about wanting to change the claims and defendants based on new developments. ECF 8. Thus, the court allowed him to file an amended complaint, which he has done. ECF 9, 17. However, after filing that amended complaint, Bolton continued to submit more filings, adding more claims and details to his amended complaint. ECF 18, 19, 21, 25. This was improper. A lawsuit needs to have a single complaint, contained in one document that encompasses everything the plaintiff wants the court to consider. Therefore, the court will give Bolton another opportunity to file a second amended complaint.

However, that second amended complaint must contain only related claims. In his filings to the court, Bolton describes a long chain of events: He alleges he was fired from a job at General Motors for racially discriminatory reasons. The resulting economic

hardship led to him committing a burglary. In the course of the state burglary prosecution, he alleges that the prosecutor and other people involved in the court system conspired to cover up the discrimination that occurred at General Motors and that prosecution itself was unfair. He complains that the prosecutor overcharged him, he was denied the opportunity to assert an insanity defense, he felt coerced into pleading guilty to burglary with a weapon even though he denied having a gun during it, and he received a harsher sentence than white defendants did. Further, he complains about a restraining order the General Motors obtained against him based on statements he had made online while he was out on bond. The restraining order led to his bond being revoked, and when he protested the revocation, he was charged with resisting arrest. Bolton claims that all these events are part of a conspiracy to cover up the wrongful termination he faced at General Motors for being a light-skinned African American and the discriminatory way he was treated as an African American in the criminal justice system.

      Although Bolton's termination from General Motors was the catalyst that started this chain of events, these events are not all related in a legal sense. Legally, claims are related if the same defendant is involved in each claim _or_ if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Here, any potential claims stemming from the termination are unrelated to any potential claims stemming from the criminal prosecution. Bolton's contention that everything is related through a conspiracy to deprive him of his rights due to race-based animus is not sufficient, in a legal sense, to bring all these claims in

2

the same lawsuit. "To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Holloway v. City of Milwaukee*, 43 F.4th 760, 769 (7th Cir. 2022) A conspiracy requires an agreement in which "the state officials and the private party somehow reached an understanding to deny the plaintiffs their constitutional rights." *Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985). People acting independently to reach the same, discriminatory end is not a conspiracy.

Therefore, Bolton must decide what related claims he wants to bring in this lawsuit and file a second amended complaint containing only those claims. To file that second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He is advised that the Federal Rules require only a "short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a). He need only state what each defendant did wrong and explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court. Then at screening, the court will determine if those actions are wrongs that can be addressed by a federal court.

For these reasons, the court GRANTS Kyle Allen Bolton until **April 18, 2023**, to file a second amended complaint.

SO ORDERED on March 15, 2023.

                                                    s/Holly A. Brady
                                                    JUDGE HOLLY A. BRADY
                                                    UNITED STATES DISTRICT COURT