UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KYLE ALLEN BOLTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-228-HAB-SLC |
| GENERAL MOTORS and STRATOSPHERE, | |
| Defendants. | |

OPINION AND ORDER

Kyle Allen Bolton, a prisoner without a lawyer, began this case with a lengthy complaint that contained unrelated claims. He was given the opportunity to file an amended complaint and was instructed to limit that complaint to only related claims. ECF 37. He has filed what is now the second amended complaint, and has chosen to proceed on claims against his former employers, General Motors and Stratosphere, for discrimination, sexual harassment, and state-law claims. ECF 41. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bolton alleges that his employment was terminated for discriminatory reasons and he experienced sexual harassment. While he has explained elsewhere in the record the events leading up to his termination, the relevant allegations must all be contained in one document. The second amended complaint does not contain enough detail to allow this complaint to proceed as written.

Bolton alleges that General Motors and Stratosphere violated his Equal Protection Rights because of his skin color. The Equal Protection Clause in the Constitution does not apply here because neither General Motors nor Stratosphere were alleged to be acting under color of state law. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Rather, this claim falls under Title VII of the Civil Rights Act of 1964. Title VII prohibits employers from firing or otherwise discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. §§ 2000e–2(a)(1).

To state a claim for employment discrimination, Bolton needs to concisely summarize the events surrounding his termination and explain how that termination was connected to his race. *See Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777-78 (7th Cir. 2022). As the Seventh Circuit has explained, an employment discrimination claim requires a "short, plain, and plausible factual narrative that conveys a story that holds together. A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how [he] was aggrieved and what facts or circumstances

2

lead [him] to believe [his] treatment was *because of* [his] membership in a protected class." *Id.* (quotation marks and citation omitted).

Bolton is also advised that to pursue a claim for employment discrimination in court, there are steps that must be taken before a suit is filed. Any claims of discrimination under Title VII must first be raised with the Equal Employment Opportunity Commission within 180 days after the alleged unlawful employment practice took place (or, if a charge is first filed with the Indiana Civil Rights Commission, a litigant has 300 days to file a charge with the EEOC). 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (U.S. 2002). A plaintiff then has only 90 days after the EEOC issues a right to sue letter to then file suit. *Williams-Guice v. Board of Education of the City of Chicago*, 45 F.3d 161, 162 (7th Cir. 1995). The Title VII case is limited to the claims included in the EEOC charge. *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 499 (7th Cir. 1994). It is recommended, though not required, that a plaintiff include the EEOC charge and right to sue letter with the complaint. *See Jarrells v. Select Publishing, Inc.*, 35 F. App'x 265, 266 (7th Cir. 2002).

Because there is not enough information in the second amended complaint to proceed on the employment discrimination claim, the court will allow Bolton to file a third amended complaint. In addition, the court will direct the clerk to send him the complaint form that is specific to employment discrimination.

Bolton also suggests that he was subject to sexual harassment in the workplace. "Hostile or abusive work environments are forms of sex discrimination actionable under Title VII of the Civil Rights Act of 1964. To establish a claim of hostile work

environment based on sex, a plaintiff must establish that [he] was (1) subjected to unwelcome sexual conduct, advances, or requests; (2) because of [his] sex; (3) that were severe or pervasive enough to create a hostile work environment; and (4) that there is a basis for employer liability." *Paschall v. Tube Processing Corp.*, 28 F.4th 805, 812–13 (7th Cir. 2022) (cleaned up). Because the same employers are involved in both claims, Bolton may bring them in the same lawsuit. However, this claim, too, requires more detail about what happened in order to proceed.

Finally, Bolton alleges state-law claims, including slander and defamation. In the third amended complaint, Bolton must concisely lay out the factual basis for these claims and explain how they are related to the claim of employment discrimination or sexual harassment. Claims are related, legally, if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2).

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Bolton may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he need to write "Third Amended" on the first page above the title "Employment Discrimination Complaint" form that the clerk will mail him, and then he must send it to the court after he properly completes the form.

4

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **(INND Rev. 1/21) Employment Discrimination Complaint** form and send it to Kyle Allen Bolton;

(2) GRANTS Kyle Allen Bolton until **September 10, 2023**, to file a third amended complaint; and

(3) CAUTIONS Kyle Allen Bolton if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 9, 2023.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT