UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KYLE ALLEN BOLTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-228-HAB-SLC |
| GENERAL MOTORS, STRATOSPHERE, and HOOSIER PERSONNEL STAFFING, | |
| Defendants. | |

OPINION AND ORDER

Kyle Allen Bolton, a prisoner without a lawyer, experienced a series of unfortunate events that ended with him being imprisoned for burglary. His initial complaint described these events in detail and named as defendants several people involved in them. However, these events were not related in a legal sense and could not all be brought in the same lawsuit. He has since narrowed his complaint to allege a claim of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. ECF 52.

Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Underlying Bolton's complaint is the fact that he is an African American man with pale skin that results in him often being mistaken as white. He alleges that in April 2021, he was working the front gate at the Fort Wayne General Motors manufacturing plant. He was not a direct employee of General Motors, rather, staffing agency Hoosier Personnel Staffing[1] placed him with the company Stratosphere, which, it appears, was contracted to perform certain services at the General Motors facility. Bolton explains that at the front gate he screened the incoming employees for COVID-19 symptoms. Because he was wearing a mask, it was not apparent from his features that he was African American.

Bolton alleges that Hoosier Personnel Staffing called him the afternoon of April 30, 2021, and told him that he was being fired based on a complaint from another employee that "he would not speak to a person because they are black."[2] ECF 52 at 3. When he protested and told the person on the phone that he had no problem speaking to black people because he was black, too, they relented and sent him back to work. However, when he reported to work that Friday, his badge did not work and he was

---

[1] Bolton names as defendants both Hoosier Staffing and Hoosier Personell and uses the two names interchangeably to refer to the same company. The company's website shows that it is called both Hoosier Personnel Staffing and Hoosier Personnel. *See* https://hoosierpersonnel.com/about-us/ (last visited Feb. 13, 2024). The court will update the docket to the name Hoosier Personnel Staffing.

[2] Bolton later learned the identify of the co-worker who allegedly complained. He explains that she was a dark-skinned African American woman who would flirt with him as she entered the facility, but he remained reserved and professional in response to her advances.

told to go home and come back on Monday. On Monday, he found that he had been demoted to an inferior position. Rather than working inside at the gate, he had to work outside on the trucks in a more laborious position. He alleges he lost hours of employment and had to work at a more demanding job. Bolton asserts that the reason they took action on the basis of his co-worker's complaint is because of the color of his skin and his race.

Title VII of the Civil Rights Act of 1964 prohibits employers or employment agencies from firing or otherwise discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. §§ 2000e–2(a)(1); *See Williams v. Wendler*, 530 F.3d 584, 587 (7th Cir. 2008) ("Moreover, Title VI, like Title VII, forbids discrimination on the basis of 'color' as well as on the basis of 'race.'"). As the Seventh Circuit has explained, an employment discrimination claim requires a "short, plain, and plausible factual narrative that conveys a story that holds together. A litigant's best shot at stating a plausible employment discrimination claim is to explain, in a few sentences, how [he] was aggrieved and what facts or circumstances lead [him] to believe [his] treatment was *because of* [his] membership in a protected class." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777-78 (7th Cir. 2022) (quotation marks and citation omitted). Here, Bolton plausibly alleges that his co-worker's complaint led to his demotion from the gate position because of his race or color. He may proceed against General Motors, Stratosphere, and Hoosier Personnel Staffing on an employment discrimination claim under Title VII.

Bolton reports that he complained about the demotion to his supervisors at Stratosphere. He says they told him to contact Human Resources at General Motors directly. When he called on May 24, 2021, he alleges the Human Resources staff were rude, obnoxious, and unwilling to admit their mistake. Bolton alleges they kept hanging up the phone on him. The next day, he learned that he was going to be terminated from his position at Stratosphere because General Motors claimed that he threatened them on the phone. Bolton denies this. He says his only threat was to go to the Equal Employment Opportunity Commission ("EEOC"). After this, Hoosier Personnel Staffing placed him at other job sites, but none of them worked out.

Title VII prohibits an employer or employment agency from discriminating against any individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3. "To plead a Title VII retaliation claim, a plaintiff must (though she need not use the specific terms) allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015). Activity related to an EEOC charge is a protected activity under the statute. *Id.* An adverse employment action is defined as "an action that a reasonable employee would find to be materially adverse such that the employee would be dissuaded from engaging in the protected activity," which would include being fired. *Lesiv v. Illinois Cent. R.R. Co.*, 39 F.4th 903, 911–12 (7th Cir. 2022) (quotation marks

4

omitted). At the pleading stage, Bolton has plausibly alleged he was fired because of his threat to file an EEOC charge. He may proceed against General Motors and Stratosphere on a claim for retaliation under Title VII.

For these reasons, the court:

(1) GRANTS Kyle Allen Bolton leave to proceed against General Motors, Stratosphere, and Hoosier Personnel Staffing for monetary damages for demoting him to an inferior position in April 2021 because of his race or color in violation of Title VII of the Civil Rights Act of 1964;

(2) GRANTS Kyle Allen Bolton leave to proceed against General Motors and Stratosphere for monetary damages for firing him in May 2021 in retaliation for engaging in activity protected by Title VII of the Civil Rights Act of 1964';

(3) DISMISSES all other claims;

(4) DISMISSES Hoosier Staffing and Hoosier Personell;

(5) DIRECTS the clerk to add as a defendant Hoosier Personnel Staffing in place of the dismissed defendants noted above;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) General Motors at 12200 Lafayette Center Rd., Roanoke, IN 46783, with a copy of this order and the complaint (ECF 52);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to

locate and serve process on) Stratosphere at 12808 Stonebridge Rd., Roanoke, IN 46783, with a copy of this order and the complaint (ECF 52);

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Hoosier Personnel Staffing at 10315 Dawson's Creek Blvd., Suite C., Fort Wayne, IN 46825, with a copy of this order and the complaint (ECF 52);

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), General Motors, Stratosphere, and Hoosier Personnel Staffing to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 15, 2024.

s/Holly A. Brady  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT